```
                                                              FILED
IN THE UNITED STATES DISTRICT COURT
                                                              JAN 2 2 2004
   FOR THE DISTRICT OF SOUTH CAROLINA
                                                              LARRY W. PROPES, CLERK
                                                              COLUMBIA, S. C.
              AIKEN DIVISION
```

| | | |
|---|---|---|
| Ernie Williams, | ) | Civil Action No. 1:04-0170-24 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ANSWER** |
| | ) | |
| BASF and UAP Carolinas, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant UAP/GA AG Chem, Inc., d/b/a UAP Carolinas, named as UAP Carolinas in the Complaint (hereinafter "UAP") answers plaintiff's Complaint as follows:

Each of the allegations contained in the Complaint that are not specifically admitted by UAP are hereby denied.

## FOR A FIRST DEFENSE

1.  UAP admits that it is a corporation organized and existing under the laws of a state other than South Carolina. At this time, UAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint as they relate to UAP and, on that basis, denies those allegations. In regard to defendant BASF, UAP admits, upon information and belief, that BASF is a corporation organized and existing under the laws of a state other than South Carolina but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 as they relate to BASF and, on that basis, denies those allegations.

## FOR A THIRD DEFENSE

10. Plaintiff's Complaint and each and every Count therein, fails to state a claim upon which relief can be granted, therefore, the Complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A FOURTH DEFENSE

11. Plaintiff's alleged injuries or damages were the result of pre-existing or subsequent conditions which are unrelated to any product designed, manufactured, sold, and/or marketed by UAP.

## FOR A FIFTH DEFENSE

12. Plaintiff's claims are barred in whole or in part because plaintiff failed to take reasonable efforts to mitigate any and all damages.

## FOR A SIXTH DEFENSE

13. Any damages sustained by plaintiff, and such are expressly denied, were due to and caused and occasioned by the knowing assumption of the risk by plaintiff.

## FOR A SEVENTH DEFENSE

14. Plaintiff's alleged injuries or damages, if any, were not caused by the negligence of UAP, but rather were proximately caused by the abnormal, unforeseeable, and/or unintended use(s) and/or misuse(s) of the product at issue.

## FOR AN EIGHTH DEFENSE

15. UAP states that the product at issue was not defective in any manner and that at all pertinent times, was reasonably fit and suited for the purpose for which it was designed, manufactured and intended, and was delivered with such advice and warnings as was consistent with the state of the existing scientific, technological and industrial art.

3

### FOR A NINTH DEFENSE

16. Plaintiff cannot recover on his claims against UAP because UAP at all times acted in accordance with the then-existing state of the art, industry standard, custom, and practice.

### FOR A TENTH DEFENSE

17. UAP sold its product to a sophisticated user, and thus plaintiff cannot recover on his claims against UAP.

### FOR AN ELEVENTH DEFENSE

18. To the extent causes of action in the Complaint are preempted or controlled by state and/or federal statutes and regulations, UAP asserts preemption by such laws and compliance with such laws as complete defenses to the Complaint.

### FOR A TWELFTH DEFENSE

19. Any alleged injury or damages to plaintiff was proximately caused by the comparative negligence, carelessness, recklessness, willfulness and wantonness of plaintiff through his own actions, and therefore, plaintiff may not recover. In the alternative, UAP is entitled to a reduction of damages based on a percentage of negligence, recklessness, willfulness and wantonness of the plaintiff.

### FOR A THIRTEENTH DEFENSE

20. Any alleged injury or damages to plaintiff was due to or caused by the sole negligence, carelessness, recklessness, willfulness and wantonness of third parties, and therefore, the sole acts of third parties are the real, efficient, and proximate cause of any injuries to plaintiff, and therefore, plaintiff may not recover against UAP.

### FOR A FOURTEENTH DEFENSE

21. Any alleged injuries or damages sustained were due to and caused by the superseding and intervening acts, negligence, carelessness, recklessness, willfulness and wantonness of third parties, which occurred subsequent to any alleged or omissions by UAP, and therefore, the intervening acts of third parties are the real, efficient, and proximate cause of any injuries to plaintiff, and therefore, plaintiff may not recover against UAP.

### FOR A FIFTEENTH DEFENSE

22. Any alleged injuries or damages sustained by plaintiff were the direct and proximate result of plaintiff's failure to read the label, warnings, recommendations, and instructions which accompanied the product, or were otherwise provided to plaintiff, which failure UAP affirmatively pleads as a bar to this action.

### FOR A SIXTEENTH DEFENSE

23. Any injury or damages suffered by plaintiff were the direct result of acts of God and the forces of nature, which UAP pleads as a bar to this action.

### FOR A SEVENTEENTH DEFENSE

24. The Complaint, to the extent that it seeks to recover only economic loss in tort, is barred by the economic loss doctrine.

### FOR AN EIGHTEENTH DEFENSE

25. The doctrines of unclean hands, laches, waiver, and/or estoppel bar the claims of plaintiff.

### FOR A NINETEENTH DEFENSE

26. Any recovery by plaintiff must be reduced or offset by amounts plaintiff has received or will receive from others for the same injuries claimed in this lawsuit.

5

## FOR A TWENTIETH DEFENSE

27. Plaintiff's claims are barred by the applicable statutes of limitations. In the alternative, if any of plaintiff's claims are not completely barred by the applicable statute of limitations, they are limited to damages not precluded by the applicable time limitations.

## FOR A TWENTY-FIRST DEFENSE

28. Venue is improper because South Carolina Code Ann. § 15-7-10 provides that an action "[f]or the recovery of real property or of an estate or interest therein or for the determination in any form of such right or interest and for injuries to real property" *must* be tried in the county in which the subject of the action is situated.

## FOR A TWENTY-SECOND DEFENSE

29. Plaintiff's injuries or damages, if any, were proximately caused by an unforeseeable misuse of the product at issue.

## FOR A TWENTY-THIRD DEFENSE

30. Plaintiff's injuries or damages, if any, were proximately caused by an unforeseeable modification of the product at issue.

## FOR A TWENTY-FOURTH DEFENSE

31. Some or all of plaintiff's claims are preempted by the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136-136(y), *et seq.*

## FOR A TWENTY-FIFTH DEFENSE

32. Plaintiff's claims are barred by the doctrine of laches or estoppel because plaintiff inexcusably and unreasonably delayed in filing and serving his Complaint to the prejudice of UAP.

### FOR A TWENTY-SIXTH DEFENSE

33. UAP alleges that the claim of the plaintiff for punitive damages against UAP cannot be sustained, because an award of punitive damages under federal or state law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum on the amount of punitive damages that the jury might impose, would violate UAP's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the South Carolina Constitution, and would be improper under the common law and public policies of the State of South Carolina.

### FOR A TWENTY-SEVENTH DEFENSE

34. UAP alleges that the claim of the plaintiff for punitive damages against UAP cannot be sustained, because an award of punitive damages under federal or state law by a jury that (a) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of the punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of any award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of UAP, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards, would violate UAP's due process and equal protection rights guaranteed by the Fourteenth Amendment to the

7

United States Constitution and by the South Carolina constitutional provisions for due process and equal protection, and would be improper under the common law and public policies of the State of South Carolina.

## CONCLUSION

35. UAP reserves the right to allege additional affirmative defenses, or to withdraw affirmative defenses listed above, as additional facts and circumstances are learned throughout discovery.

## PRAYER FOR RELIEF

WHEREFORE, UAP prays for relief and judgment against plaintiff as follows:

1. That plaintiff takes nothing by reason of the Complaint, and that the Complaint be dismissed, with prejudice, by the Court;

2. That UAP recover its costs and attorneys' fees;

3. For a trial by jury on all issues so triable; and

4. For such further and other relief as the Court deems proper.

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.

By: _____
Carl B. Epps, III
Federal Bar No. 725
Timothy M. McKissock
Federal Bar No. 6257
Shelby K. Leonardi
Federal Bar No. 8089
Keenan Building, Third Floor
1330 Lady Street
Post Office Box 11070 (29211)
Columbia, SC 29201
(803) 799-2000

Columbia, S.C.

January 21, 2004.    Attorneys for UAP/GA AG Chem, Inc., d/b/a UAP Carolinas

## CERTIFICATE OF SERVICE

I, the undersigned, of the law offices of Nelson Mullins Riley & Scarborough, LLP, attorneys for UAP/GA AG Chem, Inc., d/b/a UAP Carolinas, do hereby certify that I have served all counsel in this action with a copy of the pleading(s) hereinbelow specified by mailing a copy of the same by United States Mail, postage prepaid, to the following address:

Pleading(s):         Answer

Counsel Served:      Mark D. Ball, Esquire
                     Peters, Murdaugh, Parker, Eltzroth & Detrick
                     303 First Street, East
                     P. O. Box 457
                     Hampton, SC 29924-0457

                     Thomas R. Gottshall, Esquire
                     Haynsworth Sinkler Boyd, P.A.
                     1201 Main Street, 22nd Floor
                     Columbia, SC 29201-3232

                                        _____
                                        Deborah S. Hoton
                                        Administrative Assistant

Columbia, South Carolina
January _____, 2004