**FILED**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

**JUL 2 0 2004**

LARRY W. PROPES, CLERK
COLUMBIA, S. C.

| | |
|---|---|
| Ernie Williams,                              ) | Civil Action No.: 1:04-0170-24 |
|                     Plaintiff,    ) | |
| vs.                                           ) | **AMENDED COMPLAINT** |
| BASF and Carolina Eastern Warehouse ) | |
| UAP Carolinas,                              ) | |
|                     Defendant.   ) | |

Plaintiff alleges:

FOR A FIRST THEORY OF RECOVERY

1.  The defendants, BASF and UAP Carolinas are corporations organized and exist in states other than South Carolina but own property and transact business in Allendale County, South Carolina; That Carolina Eastern Warehouse is a South Carolina Corporation.

2.  The plaintiff is a South Carolina nurseryman; that is March, 2001, the plaintiff purchased the herbicide, Pendulum; that the Pendulum purchased by the plaintiff was manufactured and sold by the defendants for use in vegetative control among his plantings; prior to spraying Pendulum, the plaintiff inquired as to the labeled uses as well as its appropriateness for use around and near ornamentals; that the defendants made representation to the plaintiff that the herbicide he was purchasing was of the highest quality and capable of producing the results sought by the plaintiff with no danger to the ornamentals themselves



3. The herbicide sold by the defendants was defective in that following use by the plaintiff, his ornamentals began to develop necrotic areas around the trunks where the Pendulum had made contacted with the ornamentals.

4. The herbicide sold by the defendants was not merchantable and as such the sale of the defective herbicide by the defendants breached expressed and implied warranties.



5. The plaintiff suffered damage to his nursery stock as a result of this defective herbicide that caused him to lose revenues, incur cost as well as suffer other damages to his reputation among wholesalers and distributors of ornamental nursery stock which he would not have incurred had the defendants sold a merchantable herbicide.

## FOR A SECOND THEORY OF RECOVERY

6. The allegations of the First Theory of Recovery are incorporated hereinafter as if rewritten.

7. The defendants were negligent and reckless in the following ways:

   a. In failing to properly inspect the herbicide prior to selling it for the plaintiff's known use.

   b. In failing to properly test their herbicide it on the market for use in the nursery business.

   c. In failing to properly warn nurserymen of the dangers and risks associated with the defective herbicide on ornamental plants.

   d. In failing to adequately train or supervise its agents or employees in the marketing and sale of the defective herbicide.

e.  Misrepresentation.

8. The defendants acts and omissions described in this complaint were carried out intentionally, willfully or with a reckless disregard for the rights and property of the plaintiff.

## JURY TRIAL DEMANDED

9. The plaintiff demands a jury trial.

WHEREFORE, the plaintiff prays for judgment for actual damages, punitive damages and cost of this action all in an amount less than seventy-four thousand five hundred ($74,500.00) dollars.

PETERS, MURDAUGH, PARKER,
ELTZROTH & DETRICK, P.A.

By: _____
MARK D. BALL, ESQ.
303 FIRST STREET EAST
POST OFFICE BOX 457
HAMPTON, SC 29924
(803) 943-2111

May ___, 2004.